# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| United States of America | Criminal Action No. 6:00-CR-60029/1-3 |
| versus | Judge Tucker L. Melançon |
| John Timothy Cotton, et al. | Magistrate Judge Mildred Methvin |

## MEMORANDUM ORDER

Before the Court are Motions for New Trial filed by defendants John Timothy Cotton, Trina Rauchell Jackson, and Otis Charles Jackson [Rec. Docs. 675, 676 & 690], the government's response [Rec. Doc. 711], Trina Rauchell Jackson's reply [Rec. Doc. 714], and John Timothy Cotton's reply [Rec. Doc. 715].

All three defendants base their motions upon Federal Rule of Criminal Procedure 33(b)(1), which provides that a court may grant a new trial to a defendant based on newly discovered evidence if the interests of justice so require. Motions for new trials based on newly discovered evidence are disfavored by courts and therefore are viewed with great caution. *See United States v. Pena*, 949 F.2d 751, 758 (5th Cir.1991). In order to receive a new trial on the basis of newly discovered evidence, a defendant must demonstrate that: "(1) the evidence is newly discovered and was unknown to the defendant at the time of trial; (2) failure to detect the evidence was not due to a lack of diligence by the defendant; (3) the evidence is material, not

merely cumulative or impeaching; and (4) the evidence introduced at a new trial of the defendant would probably produce an acquittal." *United States v. Reedy*, 304 F.3d 358, 372 (5th Cir.2002) *citing United States v. Lowder*, 148 F.3d 548, 551 (5th Cir.1998). If a defendant fails to meet even one of these four factors, the motion for new trial should be denied. *See United States v. Sullivan*, 112 F.3d 180, 183 (5th Cir.1997).

The Court finds specifically that in the instant case defendants cannot satisfy either the third or fourth factor cited above. The newly discovered evidence upon which defendants rely consists of approximately eight affidavits, executed by men either formerly or currently incarcerated at the Federal Correctional Center in Beaumont, Texas. (*See Cotton Motion for New Trial*, Exhibits A through H.) The affiants claim that some of their fellow inmates, who testified at the trial of defendants, conspired to fabricate their own trial testimony and to suborn perjured testimony from others, in exchange for a promise by the local Lafayette prosecutor to reduce their federal prison sentences.

The Court finds that the information contained in these affidavits is not material, as Fifth Circuit jurisprudence requires, and is merely impeaching. Insofar as the evidence may serve to cast doubt on the veracity of testimony given at trial by fellow inmates, and may demonstrate a bias or possible motive to lie on the part of

2.

those inmates - standard methods of impeachment - it is merely impeachment evidence, and therefore insufficient to entitle defendants to a new trial. *See, e.g., United States v. Blackthorne*, 378 F.3d 449, 454-55 (5th Cir.2004). Furthermore, given the substantial evidence supporting the verdicts in this case beyond the testimony of the inmates, this impeachment evidence does not have any tendency to undermine the outcome at trial. The Court also finds that in light of the overwhelming evidence presented at the three-week trial of defendants, and the questionable credibility of the affiants' proffered testimony, a new trial would probably *not* result in an acquittal of any of these three defendants.

Accordingly,

IT IS ORDERED that defendants' Motions for New Trial [Rec. Docs. 675, 676 & 690] are hereby DENIED.

THUS DONE AND SIGNED this 1st day of August, 2005, at Lafayette, Louisiana.

                                            Tucker L. Melançon
                                     UNITED STATES DISTRICT JUDGE